LODOWIC D. HAUSE, Receiver, v. STANFORD NEWEL.[1]

April 19, 1895.

No. 9382.

**Jurisdiction of Municipal Court—Action by Receiver.**

> The municipal court of the city of St. Paul has jurisdiction of a suit by a receiver appointed in an action under the provisions of G. S. 1894, c. 76, to sequestrate the property of an insolvent corporation, to recover from a stockholder the amount due upon his subscription to the capital stock of the corporation.

Appeal by defendant from an order of the municipal court of St. Paul, Twohy and Orr, JJ., denying a motion to dismiss the action. Affirmed.

*Theo. E. Parker,* for appellant.

*Henry B. Farwell,* for respondent.

START, C. J.   The plaintiff, as receiver of the St. Paul Athletic Park Association, a corporation, brought this action in the municipal court of the city of St. Paul to recover $60 from the defendant due upon his subscription to the capital stock of the corporation. The complaint alleges, among other matters, that the defendant subscribed for one share of the stock of the corporation, and agreed to pay to it therefor the par value, $100, in instalments, the last of which he was to pay on May 1, 1890; that a certificate for such stock was issued to and accepted by him; that he has paid only the first instalment, $40; that in an action in the district court of Ramsey county under the provisions of G. S. 1894, c. 76, he was duly appointed receiver of the corporation, with power to take possession of and collect all of the effects and things in action of the corporation; that he accepted the trust, and qualified.   The defendant appeared specially, and moved the municipal court to dismiss the action, because it had no jurisdiction in the premises.   From an order denying his motion he appealed.   The points relied upon by the appellant in support of his objection to the jurisdiction are:

[1] Reported in 62 N. W. 817.

1. That the action is an equitable one, of which the court has no jurisdiction. If it is a fact that this is the character of the action, the municipal court would have no jurisdiction of it, but it is not the fact. The action is strictly a legal one, for the recovery of money due, absolutely and unconditionally, to the corporation upon a contract. If the defendant had given to the corporation his promissory note for the purchase price of the stock, and this action was based upon the note, it would not be more clearly an action at law than it is now. The fact that, when the amount claimed in this action is collected, it and all money realized from the assets of the corporation must be distributed equitably by the court appointing the plaintiff as receiver to its creditors, and the balance, if any, to its stockholders, does not make the action an equitable one. The defendant, so far as this action is concerned, stands precisely like any other debtor of the corporation; he must pay his debt to it, and have his equities in the surplus assets of the corporation (if any) adjusted in the action in which the receiver was appointed.

2. That the plaintiff as receiver can act only within the jurisdiction of the court appointing him, and therefore he cannot maintain this or any other action in the municipal court of the city of St. Paul. It is true that a receiver cannot, as a matter of absolute right, maintain a suit in a foreign jurisdiction; that is, in the courts of other states than that in which he was appointed. The courts of other states or jurisdictions may and do permit a foreign receiver to bring a suit therein as a matter of comity. This rule, however, has nothing to do with the case at bar, for it was not brought in a foreign state or jurisdiction. The receiver in this case, according to the allegations of the complaint, was given, by the decree appointing him, full power and authority to take possession of and collect all the effects and things in action of the corporation. This necessarily includes permission and authority to bring suits to collect the assets, if necessary. He is a trustee of an express trust, and may bring an action in his own name in any court having jurisdiction of the subject-matter thereof, whenever it is necessary so to do, in order to collect claims due to the corporation.

Order affirmed.